SUÁREZ ET AL., PLAINTIFFS AND APPELLEES, *v.* MUNICIPAL ASSEMBLY OF CAROLINA, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in Certiorari Proceedings.

No. 3119.—Decided May 31, 1924.

MUNICIPALITIES — MUNICIPAL ASSEMBLY — EXPULSION OF MEMBERS. — Municipal assemblies have no authority to expel their members.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Mr. R. Rivera Zayas* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Municipal Assembly of Carolina is composed of nine delegates according to law and all being present at the meeting held on October 19, 1923, it resolved by a vote of five to expel two of its members, Mariano Suárez and Fernando Rodríguez, on the grounds that they had made dishonorable, defamatory and improper statements against the assembly and that without good reason they had opposed the resolutions of the assembly that promoted the interests of the community.

The two expelled members brought certiorari proceedings in the Second District Court of San Juan to review and annul the said resolution, under section 65 of the Municipal Law, and the court's final decision having been favorable to the petitioners, the municipal assembly took the present appeal.

The question raised in this appeal is whether the municipal assemblies have authority to expel their members, the appellant maintaining that as there is no provision in the Municipal Law conferring or restricting that power, the municipal assemblies have that inherent authority un-

der the common law, citing decisions of courts that have so held under the common law of England.

This being the issue we must determine first whether there is any provision in the Municipal Law granting or restricting such power.

We find in the said law no provision expressly granting that power to municipal assemblies, but as section 26 enumerates the powers conferred upon municipal assemblies without including the power to expel any member, albeit the law-makers authorized them to remove for good cause members of the council of administration, and as the municipal assemblies are creatures of the Legislature with no other powers than those expressly conferred, it follows that inasmuch as the Legislature expressly enumerated the powers conferred upon them, that section of the law is a limitation of their powers in accordance with the legal principle *inclusio unius est exclusio alterius;* therefore, they have no power to expel their members. Furthermore, sections 16, 19 and 20 of the Municipal Law specify the cases in which the municipal assemblies can declare vacant the offices of the delegates to the municipal assemblies, *i.e.,* when one does not appear to take possession of his office; when he persists in absenting himself from the assembly and there is no quorum, and when he fails to attend several sessions without good cause. And as an expulsion necessarily creates a vacancy and the law has determined the cases in which vacancies may be declared, we are of the opinion that the said sections are another limitation of the power of the assemblies to declare vacancies and, therefore, that they are not empowered to expel their members. As we have seen, the Legislature authorized the municipal assemblies to remove members of the council of administration and to declare vacant the offices of the delegates to the municipal assemblies in certain cases, but did not empower them to expel their members, perhaps for the reason that as the offices are filled by popular vote, it intended that

they should be declared vacant only by the will of the members as deduced from their conduct in the cases provided for by the statute and for no other reasons, and also because it would be dangerous to confer upon a majority of the assembly the power to expel those delegates who oppose its plans or political opinions.

As the Municipal Assembly of Carolina had no authority to expel the petitioners because that power was not expressly conferred upon it and because its functions are limited to those conferred by the law that created the assembly, it is not necessary to decide whether it has such inherent power in accordance with the common law of England, especially as that inherent power derived from the common law has been rejected in some states of the Union, as may be seen in the case of *Attorney General ex rel. Allen H. Cole et al.* v. *Frank B. Stratton et al.,* 9 L.R.A. (N.S.) 572.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.